# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-0776V
UNPUBLISHED

| | |
|---|---|
| KATHI LEOPARD,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: December 23, 2020<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jon Eric Newlon, McCravy, Newlon, & Sturkie Law Firm, P.A., Greenwood, S.C., for petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On May 24, 2019, Kathi Leopard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered immediate pain and damage to her left shoulder caused by the influenza vaccine she received on September 17, 2017. Petition at 1, ¶¶ 2, 5; Stipulation, filed at Dec. 23, 2020, ¶¶ 1-2, 4. Petitioner further alleges that she received the vaccination in the United States and that neither she nor any other party has filed a civil action or received compensation for her injury, alleged as vaccine caused. Petition at ¶¶ 2, 8-9; Stipulation at ¶¶ 3-5. "Respondent denies that [P]etitioner sustained a shoulder injury as defined in the Vaccine Injury Table; denies that the vaccine caused [P]etitioner's alleged shoulder injury, or any other injury; and denies that her current condition is a sequelae of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on December 23, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $60,000.00 in the form of a check payable to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

KATHI LEOPARD,

                  Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

No. 19-776V
Chief Special Master Corcoran
ECF

**STIPULATION**

The parties hereby stipulate to the following matters:

1.      Kathi Leopard ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.      On September 27, 2017, petitioner received a flu vaccine in her left deltoid.

3.      The vaccine was administered in the United States.

4.      Petitioner alleges that she sustained an injury to her left shoulder caused by the administration of the flu vaccine. She further alleges that she experienced the residual effects of this condition for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged condition.

6.      Respondent denies that petitioner sustained a shoulder injury as defined in the

Vaccine Injury Table; denies that the vaccine caused petitioner's alleged shoulder injury, or any

other injury; and denies that her current condition is a sequelae of a vaccine-related injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that

the issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent

with the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a

lump sum of **$60,000.00** in the form of a check payable to petitioner.  This lump sum represents

compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to 42

U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this

petition.

10.      Petitioner and her attorney represent that they have identified to respondent all

known sources of payment for items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42

U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11.      Payment made pursuant to paragraph 8 of this Stipulation, and any amount

awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i),

subject to the availability of sufficient statutory funds.

12.      The parties and their attorneys further agree and stipulate that, except for any

award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from the vaccine administered on September 27, 2017, as alleged in a Petition filed on May 24, 2019, in the United States Court of Federal Claims as petition No. 19-776V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that any vaccines caused petitioner's alleged shoulder injury, or any other injury or her current condition.

18.     All rights and obligations of petitioner shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

KATHI LEOPARD

**ATTORNEY OF RECORD FOR
PETITIONER:**

JON E. NEWLON, ESQ
McCravy, Newlon & Sturkie Law Firm, PA
1629 ByPass 72 NE
Greenwood, SC 29649
(864) 388-9100

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

CAPT Dale P. Mishler, DHSc, APRN, for

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Julia M Collison
by Catharine

JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102

Dated: ___12/23/20___