# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-776V
(not to be published)

|  |  |
|---|---|
| KATHI LEOPARD,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: March 17, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jon Eric Newlon, McCravy, Newlon, & Sturkie Law Firm, P.A., Greenwood, S.C, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 24, 2019, Kathi Leopard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered immediate pain and damage to her left shoulder caused by the influenza vaccine she received on September 17, 2017. (Petition at 1, ¶¶ 2, 5). On December 23, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 30).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 7, 2021, (ECF No. 31), requesting a total award of attorney fees and costs in the amount of $9,719.20. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 31-2). Respondent reacted to the motion on January 11, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and deferring the determination of the amount to be awarded to my discretion. (ECF No. 32). Petitioner did not file a reply to Respondent's response.[3]

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

---

[3] Petitioner filed a Reply on March 2 (ECF No.36). This was in response to a scheduling order filed by the Court requesting supporting documentation for the request for attorney costs. (ECF No. 35). The Reply, although listed as a Reply to Respondent's Response, contained documents that were requested in the scheduling order and was not in response to Respondent.

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests compensation for his attorney, Jon E. Newlon, at the rate of $250.00 for all time billed between 2018 – 2020. (ECF No. 31-3). It appears that Mr. Newlon has been a licensed attorney in South Carolina for 22 years. (ECF No. 31-1 at 1). In light of his overall experience, and taking into account the OSM guidelines applied to attorney rates, the requested rate is reasonable, and I award it herein.

I find it necessary, however, to reduce Mr. Newlon's rate as applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Newlon billed seven hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. Examples of these entries include:

- April 10, 2019 (0.5 hrs) "Medical records request; SRH; Radiology, Lakelands, Anesthiology";

- October 9, 2018 (0.5 hrs) "Mailing; Contacted Dr. Timms' nurse to coordinate for opinion";

- November 28, 2018 (0.50 hrs) "Records request; Processed HITECH records request after Leopard finished treatment"; and

3

- May 21, 2019 (2 hrs) "Preparation of Petition and mailing; Take Petition materials to get them bound; file and serve all Petition materials."

(ECF No. 31-3 at 1-2).[4]

I shall reduce Mr. Newlon's rate for these tasks to $135 per hour, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$805.00**.[5]

### B. <u>Non-Compensable Billing</u>

Mr. Newlon billed a total of 1.50 hours for time spent on tasks which are not reimbursable. In particular, Petitioner requests fees associated with Mr. Newlon's bar admission to the Court of Federal Claims. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

The Program does not pay fees associated with the Court's bar admission process. I will therefore deny reimbursement for all such fees, reducing the amount to be awarded for attorney's fees by **$375.00**.[6]

## COSTS

Petitioner requests litigation-associated costs in the amount of $469.20. (ECF No. 31). This amount is comprised of medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

---

[4] These are merely examples and not an exhaustive list.

[5] This amount consists of $250 - $135 = $115 x 7 hrs = $805.00

[6] This amount consists of $250 x 1.50 hrs = $375.00.

4

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$8,539.20** (representing $8,070.00 in fees and $469.20 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.